# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS D. BAKER, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| PRA HEALTH SCIENCES, INC., COLIN SHANNON, JEFFREY T. BARBER, ALEXANDER G. DICKINSON, LINDA S. GRAIS, JAMES C. MOMTAZEE, GLEN D. STETTIN, MATTHEW P. YOUNG, ICON PLC, ICON US HOLDINGS INC., and INDIGO MERGER SUB, INC., | : SECURITIES EXCHANGE ACT OF 1934 |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On February 24, 2021, PRA Health Sciences, Inc. ("PRA" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by ICON plc ("Parent"), ICON US Holdings Inc. ("US HoldCo"), and Indigo Merger Sub, Inc. ("Merger Sub") (together, "ICON") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, PRA's stockholders will receive 0.4125 shares of Parent and $80.00 in cash per share.

3. On April 28, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of PRA common stock.

9. Defendant PRA is a Delaware corporation. PRA's common stock is traded on the NASDAQ under the ticker symbol "PRAH."

10. Defendant Colin Shannon is Chief Executive Officer, President, and Chairman of the Board of Directors of PRA (the "Board").

11. Defendant Jeffrey T. Barber is a member of the Board.

12. Defendant Alexander G. Dickinson is a member of the Board.

13. Defendant Linda S. Grais is a member of the Board.

14. Defendant James C. Momtazee is a member of the Board.

15. Defendant Glen D. Stettin is a member of the Board.

16. Defendant Matthew P. Young is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

18. Defendant Parent is a public limited company in Ireland.

19. Defendant US HoldCo is a Delaware corporation and a subsidiary of Parent.

20. Defendant Merger Sub is a Delaware corporation and a subsidiary of US HoldCo.

**SUBSTANTIVE ALLEGATIONS**

21. PRA is one of the world's leading global contract research organizations by revenue, providing outsourced clinical development and data solution services to the biotechnology and pharmaceutical industries.

22. On February 24, 2021, PRA entered into the Merger Agreement, under which PRA's stockholders will receive 0.4125 shares of Parent and $80.00 in cash per share.

23. The press release announcing the Proposed Merger provides as follows:

**ICON plc, (NASDAQ: ICLR),** a global provider of outsourced drug and device development and commercialisation services to the pharmaceutical, biotechnology and medical device industries, and government and public health organisations, today announced it has entered into a definitive agreement to acquire PRA Health Sciences, Inc. (NASDAQ: PRAH) in a cash and stock transaction valued at approximately $12 billion, with the per share merger consideration consisting of $80 in cash and 0.4125 shares of ICON stock. The consideration represents an approximately 30% premium to PRA's closing price as of February 23, 2021.

The transaction brings together two high-quality, innovative and growing organisations with similar cultures and a shared focus on high quality and efficient clinical trial execution from Phase 1 to post-approval studies.

Biopharma and medical device customers of all sizes will benefit from broader service offerings and geographic footprint, deeper therapeutic expertise, expansive healthcare technology innovation, and functional talent and capabilities. PRA's

mobile and connected health platforms and real world data and information solutions together with ICON's Accellacare site network, home health services and wearables expertise, will be combined to deliver differentiated decentralised and hybrid trial solutions to meet growing customer needs.

The transaction is anticipated to be highly accretive delivering double-digit accretion in the first full year and growing to 20%+ thereafter, driven by growth momentum, estimated annual run-rate cost synergies of $150 million, and the combined effective tax rate decreasing to 14%, both to be realised in approximately 4 years. []

**TRANSACTION DETAILS**

Under the terms of the transaction, PRA shareholders will receive per share, $80 in cash and 0.4125 shares of ICON stock. Upon completion of the transaction, PRA shareholders will own approximately 34 percent of the shares of the combined company and ICON shareholders will own approximately 66 percent.

**MANAGEMENT, GOVERNANCE AND HEADQUARTERS**

The combined company will be headquartered in Dublin, Ireland. Dr. Steve Cutler, Chief Executive Officer of ICON plc, will serve as Chief Executive Officer of the combined company and Brendan Brennan, Chief Financial Officer of ICON plc, will serve as Chief Financial Officer. Ciaran Murray will serve as the Chairman of the Board of Directors.

Current PRA Chairman and Chief Executive Officer, Colin Shannon will join the board post the closing of the transaction along with one additional board member from PRA.

**FINANCING, CLOSING AND APPROVALS**

ICON intends to fund the cash portion of the transaction consideration through a combination of cash on hand and fully committed debt financing from Citi. The transaction is not subject to a financing condition.

The transaction has been unanimously approved by both Boards of Directors and is anticipated to close during quarter three of 2021, subject to regulatory and shareholder approvals and customary closing conditions. Until closing, PRA and ICON remain separate and independent companies.

**ADVISORS**

Centerview Partners is acting as lead financial advisor with Citi providing additional financial advisory services, and Cahill Gordon & Reindel serving as legal counsel to ICON plc. BofA and UBS are acting as financial advisors, and Paul

Weiss serving as legal counsel to PRA Health Sciences.

24. On April 28, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

## Financial Analyses

25. The 424B3 fails to disclose material information regarding the financial analyses performed by BofA Securities, Inc. ("BofA") and UBS Securities LLC ("UBS"), PRA's financial advisors. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

26. The 424B3 fails to disclose the following regarding BofA's Selected Publicly Traded Companies Analysis for the Company: (i) the individual multiples for the companies; (ii) PRA's net debt; and (iii) PRA's number of fully diluted-shares of common stock outstanding.

27. The 424B3 fails to disclose the following regarding Precedent Transactions Analysis: (i) the individual multiples for the transactions; (ii) PRA's net debt; and (iii) PRA's number of fully diluted shares of common stock outstanding.

28. The 424B3 fails to disclose the following regarding BofA's Discounted Cash Flow Analysis for PRA: (i) the terminal values; (ii) the line items used to calculate unlevered free cash flows; (iii) the basis for using a range of multiples of 13.0x to 16.5x; (iv) the inputs and assumptions underlying the discount rates; (v) PRA's net debt; and (vi) the number of fully diluted outstanding shares of PRA common stock.

29. The 424B3 fails to disclose the following regarding BofA's Selected Publicly Traded Companies Analysis for ICON: (i) the individual multiples for the companies; (ii) ICON's net debt; and (iii) ICON's number of fully diluted-shares of common stock outstanding.

30. The 424B3 fails to disclose the following regarding BofA's Discounted Cash Flow Analysis for ICON: (i) the terminal values; (ii) the line items used to calculate unlevered free cash flows; (iii) the basis for using a range of multiples of 13.0x to 17.5x; (iv) the individual inputs and assumptions underlying the discount rates; (v) the net debt of ICON; and (vi) the number of fully diluted outstanding of ICON common stock.

31. The 424B3 fails to disclose the following regarding BofA's Wall Street Analysts Price Targets analysis: (i) the price targets; and (ii) the sources of the price targets.

32. The 424B3 fails to disclose the following regarding BofA's Has/Gets Analysis: (i) the inputs and assumptions underlying the discount rate range and the perpetuity growth rates; (ii) the debt; and (iii) the estimated number of fully diluted ordinary shares expected to be outstanding.

33. The 424B3 fails to disclose the following regarding UBS's Selected Public Company Analysis for the Company: the net debt and diluted share information.

34. The 424B3 fails to disclose the following regarding UBS's Selected Transactions Analysis: the net debt and diluted share information.

35. The 424B3 fails to disclose the following regarding UBS's Discounted Cash Flow Analysis for the Company: (i) the terminal values; (ii) the basis for using terminal multiples of 15.0x to 16.0x; (iii) the line items used to calculate unlevered free cash flows; (iv) the inputs and assumptions underlying the discount rates; and (v) the net debt and diluted share information.

36. The 424B3 fails to disclose the following regarding UBS's Selected Public Company Analysis for ICON: the net debt and diluted share information.

37. The 424B3 fails to disclose the following regarding UBS's Discounted Cash Flow Analysis for ICON: (i) the terminal values; (ii) the basis for using terminal multiples of 15.0x to 16.0x; (iii) the line items used to calculate unlevered free cash flows; (iv) the inputs and

assumptions underlying the discount rates; and (v) the net debt and diluted share information.

38. The 424B3 fails to disclose the following regarding UBS's Discounted Cash Flow Analysis for the pro forma combined company: (i) the costs to achieve the synergies; (ii) unlevered free cash flows and the underlying line items; (iii) the inputs and assumptions underlying the discount rates; (iv) the terminal values; (v) the basis for using terminal multiples of 15.0x to 16.0x; and (vi) the net debt and diluted share information.

39. The 424B3 fails to disclose the following regarding UBS's analyst price targets analyses for the Company and ICON: (i) the price targets; and (ii) the sources of the price targets.

40. The 424B3 fails to disclose the following regarding UBS's Premium Paid Analysis: (i) the transactions; and (ii) the premiums paid in the transactions.

Financial Projections

41. The 424B3 omits material information regarding PRA's and ICON's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

42. The 424B3 fails to disclose the following regarding PRA's financial projections: (i) the line items used to calculate adjusted EBITDA; (ii) the line items used to calculate unlevered free cash flow; and (iii) the line items used to calculate adjusted net income.

43. The 424B3 fails to disclose the following regarding ICON's financial projections: (i) the line items used to calculate adjusted EBITDA; (ii) the line items used to calculate unlevered free cash flow; and (iii) the line items used to calculate adjusted EPS.

### Background of the Merger and Potential Conflicts of Interest

44. The 424B3 fails to disclose material information regarding the background of the Proposed Merger and potential conflicts of interest.

45. The 424B3 fails to disclose whether PRA executed any confidentiality agreements that contained don't ask, don't waive provisions.

46. The 424B3 fails to disclose whether BofA has provided past services for ICON or its affiliates. If it has, the 424B3 must disclose the timing and details of the services and the amount of compensation received by BofA for performing the services.

47. The 424B3 fails to disclose whether BofA has provided past services for the Company, ICON, or their affiliates. If it has, the 424B3 must disclose the timing and details of the services and the amount of compensation received by BofA for performing the services.

48. If disclosed, the omitted information would significantly alter the total mix information available to PRA's stockholders.

## COUNT I

**Claim Against the Individual Defendants and PRA for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

49. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

50. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

51. PRA is liable as the issuer of these statements.

52. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

53. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

54. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

55. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

56. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

57. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

58. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants and ICON for Violation of Section 20(a) of the Exchange Act**

59. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

60. The Individual Defendants and ICON acted as controlling persons of PRA within the meaning of Section 20(a) of the Exchange Act as alleged herein.

61. Due to their positions as officers and/or directors of PRA and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements

9

contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62. Each of the Individual Defendants and ICON was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

64. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

65. ICON also had supervisory control over the composition of the 424B3 and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the 424B3.

66. Accordingly, the Individual Defendants and ICON violated Section 20(a) of the Exchange Act.

67. The Individual Defendants and ICON had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

68. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

69. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 28, 2021

GRABAR LAW OFFICE

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*